KM

WO

1
2
3
4
5
6
7
8
9
10
11
12
13
14

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Arcelie Torres Villa,

               Plaintiff,

v.

Russell Skinner, et al.,

               Defendants.

No.    CV-24-01522-PHX-JAT (MTM)

**ORDER**

15       Self-represented Plaintiff Arcelie Torres Villa, who is confined in a Maricopa

16 County Jail, filed a civil rights Complaint (Doc. 1) and an Application to Proceed In Forma

17 Pauperis (Doc. 2). The Court will grant the Application to Proceed and will dismiss the

18 Complaint and this action.

19 **I.    Application to Proceed In Forma Pauperis and Filing Fee**

20       The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28

21 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C.

22 § 1915(b)(1). The Court will assess an initial partial filing fee of $17.64. The remainder

23 of the fee will be collected monthly in payments of 20% of the previous month's income

24 credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.

25 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate

26 government agency to collect and forward the fees according to the statutory formula.

27 . . . .

28 . . . .

**JDDL-K**

1    ## II.    Statutory Screening of Prisoner Complaints

2         The Court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or an officer or an employee of a governmental entity.  28

4    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

5    has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

6    relief may be granted, or that seek monetary relief from a defendant who is immune from

7    such relief.  28 U.S.C. § 1915A(b)(1)–(2).

8         A pleading must contain a "short and plain statement of the claim *showing* that the

9    pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

10   not demand detailed factual allegations, "it demands more than an unadorned, the-

11   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

12   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

13   conclusory statements, do not suffice."  *Id.*

14        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

16   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

17   that allows the court to draw the reasonable inference that the defendant is liable for the

18   misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for

19   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

20   experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual

21   allegations may be consistent with a constitutional claim, a court must assess whether there

22   are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

23        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

24   must "continue to construe [self-represented parties'] filings liberally."  *Hebbe v. Pliler*,

25   627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a self-represented prisoner]

26   'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.*

27   (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

28   . . . .

If the Court determines that a pleading could be cured by the allegation of other facts, a self-represented litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  The Court will dismiss Plaintiff's Complaint because it fails to state a claim, with leave to amend because it may possibly be amended to state a claim.

**III.     Complaint**

In her two-count Complaint, Plaintiff seeks monetary damages from Defendants Maricopa County Sheriff Russell Skinner, the Maricopa County Sheriff's Office (MCSO), the Estrella Jail, and Correctional Health Medical Services.

In **Count One**, Plaintiff alleges her Eighth Amendment rights have been violated. She claims she is housed in conditions with visible black mold, asbestos, and lead in the showers, sinks, drinking faucets, toilets, and ventilation system.  She further alleges she is given moldy oranges, apples, and bread, and there are mold spores in the air currents that are toxic once inhaled, ingested, or touched.  She claims everyone in the facility is being poisoned and there is no appropriate health care available to diagnose or test for black mold poisoning.  As a result of these conditions, Plaintiff claims she has breathing problems, a cough, a sore throat, and constant headaches.

In **Count Two**, Plaintiff alleges a violation of 42 U.S.C. § 1997, claiming the "facility as a whole is ignoring the current issues of black mold, as[bestos] and lead poisoning."  She claims Defendant MCSO is ignoring the problem and ignoring her medical needs.  She states she is a thyroid cancer survivor and has been prescribed thyroid medications and calcium supplements by her endocrinologist.  After arriving at the jail, Plaintiff was told she could not take outside medications and would have to be seen by Defendant MCSO's providers.  Plaintiff did not receive her prescribed medications for more than two weeks and was admitted to hospital for six days because of the medical negligence.

. . . .

. . . .

## IV.     Failure to State a Claim

An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915(e).  *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An in forma pauperis complaint repeating the same factual allegations asserted in an earlier case, even if now filed against a new defendant, is subject to dismissal as duplicative and frivolous.  *See Bailey*, 846 F.2d at 1021; *see also Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975).  Plaintiff's claims are duplicative of her pending claims in CV-24-01523-PHX-JAT (MTM), which she filed on the same date as this case.  Because Plaintiff's claims in CV-24-01523 are slightly better pleaded, the Court will dismiss this case as duplicative and allow Plaintiff to proceed with her claims in CV-24-01523.

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $17.64.

(3)     The Complaint (Doc. 1) is **dismissed** as frivolous.

(4)     The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

JDDL-K

(5)     The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 28th day of August, 2024.

James A. Teilborg
Senior United States District Judge